IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEADE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20-cv-05293 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| TRAVELERS PROPERTY CASUALTY ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Defendant's partial motion to dismiss [69] is granted. Count II of Plaintiff's Second Amended Complaint is dismissed. See the accompanying Statement for details.

### STATEMENT

Plaintiff Meade, Inc. ("Meade") is a construction company that contracted with Natural Gas Pipeline Company of America LLC ("Owner") to install a natural gas pipeline via horizontal directional bore. After the Owner rejected Meade's first attempt at installing the pipe, Meade filed a claim with its insurer, Defendant Travelers Property Casualty Company of America ("Travelers"). Initially, Travelers agreed to cover the claim and advanced payments for a portion of it. Meade brought the present action when Travelers refused to make any further payments on the claim, which Meade contends was a breach of Travelers's coverage obligations. Before the Court is Travelers's motion to dismiss Count II of Meade's Second Amended Complaint ("SAC"), which asserts a claim under section 155 of the Illinois Insurance Code, 215 ILCS 5/155. (Dkt. No. 69.) For the reasons that follow, Travelers's motion is granted.

### I.

For purposes of the motion to dismiss, the Court accepts all well-pleaded facts in the SAC as true and views those facts in the light most favorable to Meade as the non-moving party. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Meade's SAC alleges as follows.

On June 10, 2019, Meade and the Owner entered into a contract under which Meade agreed to install a 36-inch high-pressure gas pipe via horizontal directional bore underneath a portion of I-90 in Des Plaines, Illinois ("Project"). (SAC ¶ 9, Dkt. No. 65.) Pursuant to its agreement with the Owner, Meade insured the Project by means of a commercial property insurance policy issued by Travelers for the policy period May 25, 2019 to May 25, 2020 ("Policy"). (*Id.* ¶ 5.)

During drilling for the Project, Meade encountered unexpected subsurface conditions in the form of glacial till. (*Id.* ¶¶ 80–81.) Consequently, when Meade pulled the pipe through the bore, cobble from the glacial till within the bore scratched the pipe's protective coatings down to the pipe's metal. (*Id.*) Those scratches made the pipe vulnerable to corrosion and, in turn, gas leaks. (*Id.* ¶¶ 61–62, 65.) Because of the scratches, the Owner rejected Meade's initial installation. (*Id.* ¶¶ 30, 81.) Meade then filed a claim with Travelers on September 4, 2019. (*Id.* ¶ 31.)

While Travelers's investigation of Meade's claim was ongoing, Meade began working on installation of a new pipe, as directed by the Owner. (*Id.* ¶¶ 41, 54–59.) On March 13, 2020, Travelers informed Meade that it had completed its cause of loss investigation and determined that it would cover Meade's claim. (*Id.* ¶¶ 82, 87.) At the same time, Travelers advised that it was reserving its rights under the Policy. (*Id.* ¶ 87.)

By June 11, 2020, Travelers had issued two advance payments on Meade's claim totaling $3,663,266.57. (*Id.* ¶¶ 94–95.) Shortly thereafter, Meade informed Travelers that it estimated its claim at $14,446,679.65. (*Id.* ¶ 96.) Under the Policy, the value of the loss to the Project was to be measured either by the cost to replace the damaged pipe or the value of the pipe for which Meade was legally liable not to exceed the replacement cost. (*Id.* ¶ 107.) In a July 16, 2020 letter, Travelers took the position that the initial installation costs for the first pipe served as a measure for the cost of replacing the damaged pipe, and it had already paid that amount. (*Id.* ¶¶ 109, 112, 120.) On the other hand, Meade's view was that it was entitled to the amounts it spent to pay for and install the replacement pipe, up to the Policy's $10,000,000 limit. (*Id.* ¶ 141.)

As a result of its dispute with Travelers over the valuation of its coverage claim, Meade brought the present action seeking, among other things, a declaration that Meade is entitled to the full amount it incurred to replace the scratched first pipe, up to the $10,000,000 coverage limit (*i.e.*, $10,000,000). During discovery, Travelers obtained information from which it determined that the scratches to the first pipe were not a covered loss. Consequently, Travelers sought and was granted leave to file counterclaims, including one seeking a declaration that Meade's claim was not covered and that Travelers is entitled to return of the $3,663,266.57 it has already paid on Meade's claim. (Dkt. No. 44.)

## II.

Before the Court is Travelers's motion to dismiss Count II of Meade's SAC. To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Count II of the SAC asserts a claim under section 155 of the Illinois Insurance Code, 215 ILCS 5/155. As relevant here, section 155 provides:

2

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155(1). "The statute provides an extra contractual remedy to policyholders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 901 (Ill. 1996). However, an insurer's conduct is not vexatious and unreasonable simply "because it unsuccessfully litigates a dispute involving the scope of coverage of the magnitude or the loss." *McGee v. State Farm & Cas. Co.*, 734 N.E.2d 144, 151 (Ill. App. Ct. 2000). Moreover, "[i]f a ***bona fide*** dispute existed regarding the scope of the insurance coverage, an insurer's delay in settling the claim may not violate section 155." *Valdovinos v. Gallant Ins. Co.*, 733 N.E.2d 886, 889 (Ill. App. Ct. 2000).

According to Meade, Travelers acted vexatiously and reasonably by, among other things, initially refusing to pay the full Policy limit for Meade's costs incurred in replacing the first pipe, and then bringing counterclaims in which it disclaimed any obligation to cover Meade's loss. Travelers argues that Meade's section 155 claim must be dismissed because the SAC describes only a bona fide dispute regarding Travelers' coverage obligations and contains no allegations of any vexatious and unreasonable conduct on the part of Travelers. "Conclusory allegations that an insurer acted vexatiously or unreasonably, without some modicum of factual support, are insufficient to state a plausible claim for relief under section 155." *Bao v. MemberSelect Ins. Co.*, No. 21 C 04119, 2022 WL 1211509, at *3 (N.D. Ill. Apr. 25, 2022) (internal quotation marks omitted). Yet Meade's section 155 claim is supported only by conclusory allegations. Indeed, the conclusory nature of Meade's section 155 claim is exemplified by the fact that 12 of the 13 alleged violations of section 155 listed in Count II simply append "vexatiously and unreasonably" to the beginning of what otherwise are the exact same breaches alleged in Count I's breach of contract claim. (*Compare* SAC ¶ 156, *with id.* ¶ 147.) And the final purported section 155 violation is similarly conclusory, accusing Travelers of "vexatiously and unreasonably delaying settlement of Meade's Installation Claim." (*Id.* ¶ 156(l).)

Relying on a decision from this Court, Meade argues that the section 155 inquiry usually presents a question of fact not suitable for dismissal at the pleadings stage. *See Call One Inc. v. Berkley Ins. Co.*, 587 F. Supp. 3d 706, 720 (N.D. Ill. 2022). But in *Call One*, this Court observed that the plaintiff alleged examples of acts that could plausibly be considered vexatious and

unreasonable. *Id.* at 721; *see also Bao*, 2022 WL 1211509, at *4 (noting that section 155 claims that survive dismissal under Rule 12(b)(6) "contain specific facts as to the conduct of the insurers that could be considered vexatious or unreasonable"). By contrast, here, Meade's allegations depict nothing more than a bona fide coverage dispute. *See Fed. Ins. Co. v. Healthcare Info. & Mgmt. Sys. Soc'y, Inc.*, 567 F. Supp. 3d 893, 901 (N.D. Ill. 2021) ("Section 5/155 claims may be dismissed at the pleadings stage when . . . a bona fide dispute regarding coverage is apparent from the face of the complaint."). Consequently, Count II of the SAC fails to state a section 155 claim.

## III.

For the foregoing reasons, Travelers' motion to dismiss Count II of the SAC is granted and Count II is dismissed.

Dated: April 23, 2023

_____
Andrea R. Wood
United States District Judge